UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00114-GNS

KUNAL KHIYANI                                                        PLAINTIFF

v.

ALLIED ADULT DAY CARE, LLC,
d/b/a ALLIED BILLING COMPANY et al.                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint and Exhibits Under Seal (DN 16) and Motion for Leave to Maintain the Official Transcript of the Hearing Held on October 30, 2025, Under Seal and Permit Redactions (DN 42). The motions are ripe for adjudication.

## I.      STATEMENT OF FACTS AND CLAIMS

Plaintiff Kunal Khiyani ("Khiyani") entered into an equity purchase agreement with Defendants Stephen and Kimberly Bryson (collectively, "the Brysons") for the purchase of the Brysons' membership interests in three Kentucky limited liability companies ("the Companies"). (Am. Compl. Ex. 1, at 1, DN 15-1).  The Purchase Agreement prohibits the Brysons from using the Companies' confidential information and from competing with the Companies.  (Am. Compl. Ex. 1, at 16-17).

Khiyani alleges that the Brysons and their company, Allied Adult Day Care, LLC d/b/a Allied Billing Company ("Allied") (collectively, "Defendants"), violated the purchase agreement's noncompete provision, misappropriated the Companies' trade secrets, tortiously interfered with Khiyani's rights under the purchase agreement and the Companies' business

1

relations, and conspired with each other to engage in unlawful conduct.  (Am. Compl. 2-3, DN 15).  Khiyani moved for a preliminary injunction, and an evidentiary hearing was held on October 30, 2025.[1]  (Compl., DN 1; Pl.'s Mot. TRO & Prelim. Inj., DN 8; Text Order, DN 19).  Khiyani now moves for leave to seal his amended complaint and to maintain the transcript of the hearing under seal and to permit redactions in the public record.  (Pl.'s Mot. Seal & Redact Hr'g Tr., DN 42).

## II.    <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## IV.    <u>DISCUSSION</u>

In ruling on a motion to seal, courts "must balance the litigants' privacy interests against the public's right of access . . . ."  *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016).  "The public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching our decisions."  *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1181 (6th Cir. 1983).  There is a "strong common law presumption in favor of public access to court proceedings and records."  *Id.* at 1179.

The strong presumption of public access can be overcome when certain interests are at issue, such as "privacy rights of participants or third parties, trade secrets and national security."  *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179.  "The party seeking to seal records has [a] heavy burden," in overcoming the presumption and must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."  *Kondash v. Kia Motors Am., Inc.*, 767 F.

---

[1] This Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction.  (Mem. Op. & Order, DN 35).

App'x 635, 637-38 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

### A.    Amended Complaint

Khiyani's amended complaint contains the same redactions as his complaint, which this Court previously approved. (Pl.'s Mot. Seal & Redact Hr'g Tr. 2 n.2; Mem. Op. & Order, DN 35). For the reasons described therein, Khiyani's motion for leave to seal his amended complaint will be granted. (Mem. Op. & Order 12-13).

### B.    Hearing Transcript

Khiyani asks the Court for permission to redact information related to Khiyani's loan, the Companies' clients, and the Companies' valuation, financial condition, and business operations from the evidentiary hearing transcript.[2] This Court granted Khiyani's earlier motions for leave to seal similar categories of information:

> Khiyani has met his burden to overcome the presumption of public access. As Khiyani notes, "courts have protected competitively sensitive financial and client information, especially when third-party privacy interests are implicated and targeted redactions are sufficient." (Pl.'s 1st Mot. Leave Seal 2); *see In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, No. 18-md-02818, 2023 WL 319922, at *4 (E.D. Mich. Jan. 19, 2023). Khiyani has a compelling interest in sealing these records because they contain sensitive information about the Companies' valuation, financial condition, and clients. That interest outweighs the public's interest in accessing the unredacted portions of these records. *See Gen. Motors*, 2023 WL 319922, at *4 (noting that the public "has a lesser interest

---

[2] Defendants object. (Defs.' Resp. Pl.'s Mot. Seal & Redact Hr'g Tr., DN 43). Khiyani's assertion that Defendants waived their objection, however, is immaterial. As the Sixth Circuit stated:

> [Defendant] "could not have waived the *public*'s First Amendment and common law right of access to court filings." The "court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." Rather, the court has an independent "obligation to consider the rights of the public." This is true "even if neither party objects to the motion to seal."

*Rudd Equip. Co.*, 834 F.3d at 595 (internal citation omitted).

3

in GM's internal financial information like that covered by the proposed redactions" because "detailed internal data and business information is not necessary for the public to understand any alleged wrongdoing in this case" (citation omitted)). Further, Khiyani's request is narrowly tailored, as Khiyani filed public versions of these documents with all non-public financial and client information redacted. Thus, it is appropriate to seal these unredacted documents.

(Mem. Op. & Order 13).

In this instance, as to the first category of information, Khiyani's interest in protecting sensitive financial information outweighs what little interest the public would have in the specifics of his loan, particularly because his request is narrowly tailored.

As to the second category, "[r]ecords containing the names of customers or clients are confidential and potentially appropriate for filing under seal." *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-CV-3304, 2022 WL 16706688, at *2 (S.D. Ohio Nov. 4, 2022) (citing *Total Quality Logistics, LLC*, No. 1:19-CV-23, 2020 WL 5849408, at *2). Khiyani proposes redacting the names of clients; the identities of these third parties are not necessary for the public to understand the case against Defendants, so their privacy interest outweighs the public's interest.

As to the third category, our sister court "has repeatedly 'recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.'" *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sep. 30, 2020) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, No. 1:11-CV-871, 2017 WL 4168290, at *2 (S.D. Ohio Sep. 20, 2017) (citing *Procter & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) ("Confidential Information" includes "nonpublic information" that contains "confidential trade secret, technical, business, financial, or

4

personal information"))).  As this Court held earlier, Khiyani's interest outweighs the public's interest in redacted confidential business and financial information.

Therefore, because Khiyani proposes targeted redactions for sensitive information, his motion to maintain the transcript under seal will be granted.

### IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and Exhibits Under Seal (DN 16) and Plaintiff's Motion for Leave to Maintain the Official Transcript of the Hearing Held on October 30, 2025, Under Seal and Permit Redactions (DN 42) are **GRANTED**.  The Clerk is directed to maintain the Official Transcript (DN 38) under seal.

**Greg N. Stivers, Judge**
**United States District Court**
May 27, 2026

cc:    counsel of record

5